Ashley A. Marton, OSB No. 171584
ashley@workplacelawpdx.com
Rebecca Cambreleng, OSB No. 133209
rebecca@workplacelawpdx.com
CAMBRELENG & MARTON LLC
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899

Colby Qualls (*pro hac vice* forthcoming)
cqualls@foresterhaynie.com
FORESTER HAYNIE PLLC
400 N. St. Paul Street, Ste. 700
Dallas, Texas 75201
Telephone: (214) 210-2100
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **EVAN MARTIN**, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**INVICTUS PROTECTION AGENCY LLC**, a domestic limited liability company,<br><br>Defendant. | Case No.: 1:24-cv-2121<br><br>**COLLECTIVE ACTION ALLEGATION COMPLAINT**<br><br>**Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) and Oregon State Wage and Hour Laws (ORS 652.140, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Evan Martin ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, brings this Collective Action against the above-named Defendant, and alleges the following upon personal knowledge as to his own acts, and upon information and belief as to all other matters.

## PRELIMINARY STATEMENTS

1. This is a Collective action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, and 29 U.S.C. §§ 251-262 (collectively, the "FLSA") for Defendant's failure to pay all due and owing overtime wages to Plaintiff.

2. This action is also brought under the Oregon Wage and Hour Laws, ORS chapter 652, *et seq.* ("the Oregon statutes").

3. Plaintiff files this lawsuit on behalf of himself and as a putative collective action on behalf of all other similarly situated employees of Defendant.

4. This lawsuit seeks to recover unpaid wages for Plaintiff and other similarly situated individuals who have worked for Defendant within the last three years.

5. Plaintiff was an hourly-paid, non-exempt security guard employee of Defendant.

6. Plaintiff worked for Defendant as a security guard during the time period relevant to this lawsuit. Plaintiff and other security guards have non-exempt primary job duties that involve performing the same or similar type of work as the hourly-paid employees. Plaintiff and other security guards do not hire or fire other employees, they are not involved in the interviewing process, and do not make schedules for hourly workers. In sum, Plaintiff spent the vast majority of his worktime performing non-exempt work.

7. Plaintiff frequently worked over forty hours per week.

8. Plaintiff did not receive all pay to which he was legally entitled. Defendant's conduct was willful, as described below.

9. Now, therefore, Plaintiff seeks damages on behalf of himself and the putative Collective Action Members as the result of Defendant's failure to pay Plaintiff and similarly situated individuals as required by the FLSA and the Oregon statutes.

## JURISDICTION AND VENUE

10. The United States District Court for the District of Oregon has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

11. Oregon Wage and Hour Laws similarly authorize actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's Oregon Wage and Hour Laws claims is based on 28 U.S.C. § 1367. The state law claims raised in this complaint are so related to the federal claims that they form part of the same case and controversy.

12. This federal court has personal jurisdiction over Defendant because Defendant does business in this state and in this District, and because many of the acts complained of and giving rise to the claims alleged herein occurred in this state and in this District.

13. Venue lies properly within this Court under 28 U.S.C. § 1391(b) and (c), because the state of Oregon has personal jurisdiction over Defendant, and because many of the acts complained of and giving rise to the claims alleged herein occurred within the Medford Division of the District of Oregon.

## THE PARTIES

### A. Plaintiff Evan Martin

14. Plaintiff Evan Martin is an individual currently residing in Talent, OR.

15. Plaintiff was employed by Defendant within the last three years and during the statutory period.

16. Plaintiff's written consent to participate in this action is filed herewith as Exhibit 1.

B. **Putative Collective Action members**

17. The putative Collective Action Members are all current and former employees of Defendant companywide who worked as security guards, but who did not receive all wages due to them, within the three years prior to the date of filing this Complaint through the date of the final disposition of this action.

C. **Defendant Invictus Protection Agency LLC.**

18. Defendant Invictus Protection Agency LLC ("Defendant") is a corporation that does business in this District and in this Division.

19. Defendant may be served through its registered agent, Jason Penner, at 45 S Modoc Ave, Medford, OR 97504.

20. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

21. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

22. Upon information and belief, at all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

23. Defendant acted as the employer of Plaintiff and the Collective Action Members.

**FACTUAL ALLEGATIONS**

24. Plaintiff worked for Defendant as a nonexempt, hourly-paid security guard, providing security services, including patrolling, monitoring, and reporting suspicious activity.

25. All of the putative Collective Action Members were similarly classified as nonexempt employees, paid on an hourly basis, and performed substantially similar job duties as Plaintiff.

26. In some workweeks, Plaintiff performed over forty hours of work. Defendant compensated some, but not all, of the overtime premium wages to which he was entitled, because Defendant did not compensate him for mandatory post-liminary work duties completed after his shift.

27. Plaintiff frequently worked as the sole guard on duty.

28. Defendant typically required their security guard employees to perform uncompensated work "off-the-clock" after their scheduled shifts. Plaintiff was required to perform "off-the-clock" duties after his shift had ended, including securing a location while waiting for a relief security guard to appear for work, completing paperwork, and briefing the relieving security guard.

29. The time that Plaintiff and similarly situated security guards spent completing these post-liminary duties without pay was more than *de minimis*.

30. Defendant offered security services to multiple facilities and clients.

31. Multiple times, Plaintiff would be scheduled to work a post at one facility and then be called in to work another facility.

32. Plaintiff was not compensated for this time.

33. Upon information and belief, other security guard employees were also not compensated for the time spent traveling from one facility to another.

34. Defendant's failure to compensate Plaintiff for work he performed "off-the-clock" and to accurately record working time resulted in violations of state and federal wage and hour laws.

35. In addition, Plaintiff routinely worked in excess of 40 hours in a workweek for Defendant.

36. When Plaintiff worked in excess of 40 hours per week, he was not paid a corresponding overtime premium rate as required by the FLSA.

37. It was Defendant's policy to list 80 hours per pay period on each itemized pay statement in which more than 80 hours were worked and to pay any hours in excess of 80 per pay period to Plaintiff in cash, at his regular hourly rate.

38. Upon information and belief, other security guard employees were subject to the same policy with respect to overtime hours worked.

39. Now, as the result of Defendant's failure to pay for time worked "off-the-clock" and to accurately record working time, Plaintiff is entitled not only to his back wages, but also to an equal amount of that overtime pay as liquidated damages and other relief including attorneys' fees.

40. Such overtime violations were not limited to a particular pay period but occurred regularly throughout Plaintiff's tenure with Defendant. Similar overtime violations occurred with respect to the putative Collective Action Members.

41. Defendant's failure to pay for work performed "off-the-clock" and to accurately record working time was not limited to weeks in which Plaintiff and the putative Collective Action Members worked overtime.

42. On information and belief, this policy or practice of Defendant to only pay "straight time" for hours worked over 40 in each week and failure to pay work performed "off-the-clock" was uniformly and consistently applicable to all of its security guard employees.

43. The above-described mandatory work time completed "off-the-clock" and unrecorded working time was not included in Plaintiff's and putative Collective Action Members' itemized wage statements.

44. Defendant either knew or should have known that Plaintiff was required to work "off-the-clock." Defendant could have easily determined how long it took for its security guards to complete duties performed "off-the-clock" or could have permitted Plaintiff and similarly situated security guard employees to "clock out" when they were fully relieved of duty.

45. Defendant intentionally and/or willfully failed to pay Plaintiff and putative Collective Action Members all wages owed in violation of the FLSA and the Oregon statutes.

## FLSA CLAIMS

**A. FLSA Coverage**

46. All conditions precedent to this suit, if any, have been fulfilled.

47. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

48. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

49. At all times relevant to this lawsuit, Defendant has employed, and continues to employ, employees, including Plaintiff and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

50. At all times relevant to this lawsuit, Defendant has employed two or more employees who regularly handled and/or worked on goods and/or materials in their daily work that were moved in and/or produced for commerce by other people.

51. At all times relevant to this lawsuit, Defendant has had gross operating revenue or business volume in excess of $500,000.

B. **FLSA Allegations**

52. The FLSA applied to Plaintiff and the putative Collective Action Members at all times, including the last three years.

53. At all relevant times, Plaintiff and the putative Collective Action Members were, and should have been designated and paid by Defendant as, non-exempt employees pursuant to the FLSA.

54. Consequently, they should have been designated and paid by Defendant on an hourly-basis, and received time and one-half their respective regular rates of pay for all hours each worked over forty in a workweek.

55. Instead, during the relevant time period, Defendant failed to pay Plaintiff and the putative Collective Action Members for all hours worked and denied them overtime premium pay for hours worked over forty in a workweek.

56. This failure of Defendant to pay overtime premium pay to its employees was a violation of the FLSA. See 29 U.S.C. § 207(a)(1).

C. **Collective Action Allegations**

57. Plaintiff alleges that the illegal pay practices Defendant imposed on Plaintiff were likewise imposed on the members of the collective.

58. Plaintiff seeks to bring his claims under the FLSA on behalf of himself and all current and former security guards companywide who did not receive all wages owed to them, including overtime premium pay for all hours worked over forty per workweek within the three years prior to the date Plaintiff filed this Complaint through the date of the final disposition of this action. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

59. Plaintiff has actual knowledge that putative Collective Members have been required to work off the clock or denied overtime premium pay for all hours worked over forty in a workweek.

60. Defendant's failure to pay overtime premium wages for any hour Plaintiff and the putative Collective Members worked over forty in a workweek results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Members.

61. Defendant's failure to pay Plaintiff and the putative Collective Members wages for all hours worked results from generally applicable policies or practices, and does not depend on the personal circumstances of any of the putative Collective Members.

62. The specific job titles or precise job responsibilities of each putative Collective Member do not prevent collective treatment.

63. Although the exact amount of damages may vary among the putative Collective Members, the damages owed to them are easily calculable.

64. Plaintiff proposes that the class of putative Collective Action Members be defined as:

> **All current and former security guard employees of Defendant who worked at any location in the United States who did not receive all due and owing wages within the**

**three years prior to the date of filing this Complaint through the date of the final disposition of this action.**

65. Plaintiff's experiences are therefore typical of the experiences of the Putative Collective Members.

66. The specific job titles or precise job locations of the Putative Collective Members does not prevent collective treatment.

67. Plaintiff has no interest contrary to, or in conflict with, the Putative Collective Members.

68. Like each Putative Collective Member, Plaintiff has an interest in obtaining the unpaid wages owed to him under state and/or federal law.

69. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

70. Absent this action, many Putative Collective Members likely will not obtain redress of their injuries and Defendant will repeat the unjust benefits of violating the FLSA.

71. Furthermore, even if some of the Putative Collective Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

72. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members and provide for judicial consistency.

73. Common questions of law and fact predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a) Whether Defendant employed the members of the class within the meaning of the FLSA;

    b) Whether Defendant's decision to not pay Plaintiff and the Putative Collective Members for all hours worked was made in good faith;

  c) Whether Defendant's violation of the law was willful; and

  d) Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Collective Members.

74. Plaintiff's claims are typical of the claims of the Putative Collective Members.

75. Plaintiff, and the Putative Collective Members, have sustained damages arising out of Defendant's illegal and uniform employment policy.

76. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude his ability to go forward as a collective action.

77. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

78. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any collective action certification motion or other proceeding.

## FIRST CAUSE OF ACTION
### (Violation of Fair Labor Standards Act)

79. Plaintiff incorporates paragraphs 1 through 78 by reference as if set forth fully herein.

80. The foregoing conduct, as alleged, violated the FLSA.

81. Plaintiff and the putative Collective Action Members were non-exempt employees of Defendant under the FLSA. 29 U.S.C. § 203(d) & 203 (e)(1).

82. Defendant was and is required to pay Plaintiff and similarly situated workers for all hours worked and overtime wages at the rate of one and one-half times each employees' respective regular rate of pay for all hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

83. Defendant's conduct was willful and done to avoid paying overtime wages. 29

U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's extended three (3) year statutory limitations period. *Id.*

84. Plaintiff seeks all damages to which they and the putative Collective Action Members are entitled under the FLSA on the bases of Defendant's willful failure to pay wages owed, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

## SECOND CAUSE OF ACTION
### (Violation of Oregon Wage & Hour Laws)

85. Plaintiff incorporates paragraphs 1 through 84 by reference as if set forth fully herein.

86. Plaintiff individually asserts this claim for damages and declaratory relief pursuant to the Oregon statutes.

87. At all relevant times, Defendant has functioned as an "employer" within the meaning of Oregon Wage and Hour Laws, ORS Chapter 652.310.

88. At all relevant times, Defendant has employed, and continues to employ, "employees" for services within the meaning of Oregon statutes, ORS Chapter 652.310.

89. Pursuant to the Oregon statutes, Defendant was required to pay Plaintiff reasonable and non-oppressive wages due. Oregon Wage and Hour Laws, ORS Chapter 652.

90. Defendant failed to pay Plaintiff and the Collective Action Members appropriate overtime wages for hours worked over 40 in each week. *Id.*

91. The foregoing conduct, as alleged, constitutes a willful violation of the Oregon statutes, ORS Chapter 652.

92. As set forth above, the Plaintiff has sustained losses and lost compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of

unpaid earned compensation, statutory penalties, and attorneys' fees and costs, plus interest from the date each amount came due as provided by Oregon law.

93.     Plaintiff seeks recovery of his attorneys' fees as provided by the Oregon statutes.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a) An Order conditionally certifying this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b), and requiring notice to be issued to all putative Collective Action Members;

b) An award of damages including all unpaid overtime wages, any other back pay available pursuant to the FLSA, liquidated damages, and restitution;

c) Costs of action incurred herein, including expert fees;

d) Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

e) Post-judgment interest; and

f) Such other and further relief as the Court may deem just and proper.

Dated this 20th day of December 2024.

Respectfully submitted,

*/s/ Colby Qualls*
Colby Qualls, Ark. Bar No. 2019246
cqualls@foresterhaynie.com
FORESTER HAYNIE PLLC
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone
*Lead Counsel for Plaintiff*

*/s/Ashley A. Marton*
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
CAMBRELENG & MARTON LLC
3518 S Corbett Avenue
Portland, Oregon 97239
Telephone: (503) 477-4899
*Local Counsel for Plaintiff*